HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANA MARIA RAVINES DE SCHUR,

        Plaintiff,

v.

BELLINGHAM & WHATCOM COUNTY HOUSING AUTHORITIES, et al.,

        Defendants.

CASE No. C23-0332-RAJ

ORDER

## I.    INTRODUCTION

This matter comes before the Court *sua sponte*. For the reasons that follow, the Court **DISMISSES** Plaintiff's Complaint.

On March 9, 2023, Plaintiff filed this action against Defendants Bellingham Housing Authority, Housing Authority of Whatcom County, Shannon Laws, Engedi Refuge, Agape House Lighthouse Mission, Base Camp Lighthouse Mission, Opportunity Council, Bellingham Police Department, and the Asian Association of Utah. Dkt. ## 1-1,

ORDER- 1

4. Plaintiff also submitted an application to proceed *in forma pauperis*. Dkt. # 1. On March 9, 2023, the Honorable S. Kate Vaughan granted the application while recommending review under 28 U.S.C. § 1915(e)(2)(B). Dkt. # 3.

Plaintiff's claims are difficult to discern. However, Plaintiff generally alleges that her rights have been violated by various actors, including the Bellingham Housing Authority, church shelters, and "the Mormon theocracy that dominates all fronts of government and private administration" in Utah. Dkt. # 4 at 2-3. Plaintiff requests that this Court order the Bellingham Housing Authority to "release" her housing voucher to the Seattle Housing Authority and add her family members to her voucher, and order her case manager at Catholic Community Services to transfer her belongings from Utah to Washington. *Id.* at 30.

## II.     DISCUSSION

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the

court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, the Court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Taking all allegations in the light most favorable to the Plaintiff, the Court finds that the Complaint fails to state a claim upon which relief can be granted. In her 59-page complaint, Plaintiff alleges that the Asian Association of Utah was supposed to transport her belongings from Utah to Washington, but failed due to pressure from the Mormon Church. Dkt. # 4 at 4-5. Further, Plaintiff states she was harassed while living in a Washington shelter called the "Base Camp." *Id.* at 19. She alleges that she was later evicted from this shelter, and the Bellingham Housing Authority has failed to assist her in securing a housing voucher in a timely manner. Dkt. # 4 at 19.

But despite allegations of wrongdoing by various Defendants, Plaintiff's allegations, as pled, fail to state a claim for relief as required by the Federal Rules. *See* Fed. R. Civ. P. 8(a). Although *pro se* litigants are given more leeway than licensed attorneys when assessing their pleadings, they must still adhere to the Federal Rules of Civil Procedure. *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Broad allegations of a theocratic conspiracy are simply insufficient to state a plausible claim for which any type of relief could be granted by this Court. Therefore, the Court dismisses the complaint for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

//

//

//

//

### III. CONCLUSION

For the reasons stated above, Plaintiff's complaint is **DISMISSED** without prejudice. Dkt. # 1-1, 4. Plaintiff may file an amended complaint within **twenty-one (21) days** of the Order. Any amended complaint shall include a short and plain statement concerning: 1) the grounds for the court's jurisdiction; 2) a showing that Plaintiff is entitled to relief; and 3) a demand for the specific relief sought. If Plaintiff fails to timely comply with this Order by filing an amended complaint that corrects the deficiencies noted above, the Court will dismiss this action with prejudice.

DATED this 23rd day of March, 2023.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge